# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**DARRELL BLAND,**
**ADC #160685**                                                                    **PLAINTIFF**

V.                        CASE NO. 5:18-CV-21-KGB-BD

**MCCLINTON, et al.**                                                              **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.   Discussion:**

Plaintiff Darrell Bland is currently incarcerated at the W.C. "Dub" Brassell Adult Detention Center of the Arkansas Department of Correction ("ADC"). Mr. Bland filed this lawsuit without the help of a lawyer and is proceeding *in forma pauperis*. (Docket entries #1, #2)

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee before ordering service of process. 28 U.S.C. § 1915A(a). The Court must dismiss any claims that are legally frivolous or malicious; fail to state a claim upon which relief may be granted; or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

Mr. Bland complains that on January 7, 2018, while being held in the ADC, Defendant McClinton threatened him and took a blanket from his bed. (#2) While the Court does not condone prison officials' threatening or unprofessional conduct, Mr. Bland's allegations, even if true, do not state a federal claim for relief. Verbal abuse and mere threatening language cannot support a constitutional claim. See *McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993) (holding that verbal harassment, threats, and name calling are not actionable under § 1983); *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992) (holding that "mere verbal threats made by a state actor do not constitute a § 1983 claim"); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (holding that verbal threats and name calling is not actionable under § 1983).

Mr. Bland does not attribute any unconstitutional conduct to Defendants McCullough or Williams. See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)(prisoner "must

plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") Accordingly, Mr. Bland has not alleged any constitutional claims in his complaint against any of the Defendants

## III. Conclusion:

The Court recommends that Mr. Bland's claims against the Defendants be DISMISSED, without prejudice. This dismissal should count as a STRIKE for purposes of the PLRA.

DATED this 24th day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE